IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3211-FL

| | | |
|---|---|---|
| MYRON RODERICK NUNN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| ALVIN W. KELLER, SR., et al., | ) ) | |
| Defendants. | ) ) ) | |

Plaintiff, a state inmate, filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motions to amend his complaint (DE ## 3, 9, 14, and 19), as well as his motion to serve his state imposed sentence in a federal prison (DE # 18). These matters are ripe for adjudication.

Plaintiff filed four motions to amend his complaint. However, upon frivolity review of plaintiff's original and proposed amended complaints, see 28 U.S.C. § 1915(e)(2)(B)(i), the court finds plaintiff's filings to be difficult to follow, and the court is unsure what specific claims he is attempting to make and exactly who the defendants are in this action. In his complaint and each of his amended complaint, plaintiff fails to "give [each] defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swiekiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quotation omitted).

Rather than accept any of plaintiff's proposed amended complaint, the court will allow plaintiff the opportunity to amend his complaint once again to cure any defects and particularize his

claims. See Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965) (per curiam). Plaintiff's amended complaint must specifically name the party responsible for his alleged deprivation, the injury stemming from the party's actions or inactions, and the alleged facts to support his claim. Additionally, plaintiff must include the address for each named defendant. Plaintiff is cautioned that his amended complaint must comply with Federal Rule of Civil Procedure 8, which requires "... a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8. Further, any amended complaint should contain only claims that plaintiff has exhausted pursuant to 42 U.S.C. § 1997e(a). The court further notifies plaintiff that his amended complaint will be considered his complaint in its entirely, and the court will not review plaintiff's other filings to glean any misplaced claims.

The court next considers plaintiff's request that it order his state sentence be served in a federal facility. The court construes this request as a motion for a preliminary injunction. A preliminary injunction is an extraordinary remedy which should not be granted unless there is a clear showing of both likely success and irreparable injury. The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 345 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010). To obtain a preliminary injunction, the movant must eestablish: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008). Plaintiff has failed to demonstrate any of the requirements necessary to obtain injunctive relief. Therefore, his motion is DENIED.

2

In sum, plaintiff's motions to amend his complaint (DEs # 3, 9, 14, and 19) are DENIED AS MOOT, and his motion to serve his state imposed sentence in a federal prison (DE # 18), which this court construed as a motion for a preliminary injunction, is DENIED. The court ALLOWS plaintiff fourteen (14) days to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a) to particularize his claim. Failure to comply with this court's order may result in dismissal of this action without prejudice.

SO ORDERED, this the 25 day of March, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge