IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3211-FL

| | |
|---|---|
| MYRON RODERICK NUNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ALVIN W. KELLER, SR.; JOSEPH B. ) | |
| HALL; RICKIE ROBINSON; MRS. ) | |
| HAYES; CAPTAIN MITCHELL; ) | |
| DENISE R. SHERROD; DONNA- ) | |
| MARIE MEWHORTER; MR. HOCUTT; ) | |
| MR. TASTO; MR. HOWARD; ROBERT ) | |
| C. LEWIS; AND TIMOTHY J. MCKOY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court upon plaintiff's amended pleading submitted in response to this court's March 30, 2011, order directing him to particularize his complaint. Also before the court are plaintiff's motion contesting the funds taken from his inmate trust account to pay his filing fee (DE # 26), motion for class certification (DE # 26), and motion for a temporary restraining order (DE # 29). Defendants did not respond to plaintiff's motions. In this posture, the issues raised are ripe for adjudication.

A. Plaintiff's Motions

   1. Motion for Class Certification

Plaintiff seeks to bring this action as a class action. The Fourth Circuit Court of Appeals does not allow for certification of a class where a *pro se* litigant will act as representative of that

class because it is plain error for a *pro se* litigant to represent other inmates in a class action. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam); see Bedell v. Angelone, No. 2:01CV780, 2003 WL 24054709, * 2 (E.D. Va. Oct. 3, 2003), aff'd 87 F. App'x 323, 2004 WL 249577 (4th Cir. Feb. 11, 2004). Because plaintiff is proceeding *pro se*, he may not bring this action on behalf of other inmates in the form of a class action. See id. Thus, his motion for class certification is DENIED.

2. Challenge to Collection of the Filing Fee

The court next considers plaintiff's challenge to the amount deducted from his inmate trust account to pay his three-hundred-fifty dollar ($350.00) filing fee. In support of his contention, plaintiff states that more than twenty percent (20%) of his trust account was deducted to pay the filing fees in two pending actions.

The United States Supreme Court addressed the collection of inmate filing fee payments, pursuant to 28 U.S.C. § 1915(b)(2), in Torres v. O'Quinn, 612 F.3d 237 (2010). In Torres, the Court held that 28 U.S.C. § 1915(b)(2) caps the amount of funds that may be withdrawn from an inmate's trust account at a maximum of twenty (20) percent regardless of the number of cases or appeals the inmate has filed. Torres, 612 F.3d at 252. The remedy for a violation of Torres is an abatement in the collection of filing fees from an inmate's trust account. Id. at 253. A review of the court's docket in this case reveals that no funds have been deducted from plaintiff's inmate trust account to pay the filing fee in this case since February 3, 2011. Accordingly, the court DENIES plaintiff's motion without prejudice.

3. Temporary Restraining Order

The substantive standard for granting either a temporary restraining order or a preliminary

2

injunction is the same. See e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A temporary restraining order or preliminary injunction is an extraordinary remedy which should not be granted unless there is a clear showing of both likely success and irreparable injury. The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 345 (4th Cir. Aug. 5, 2009), vacated on other grounds, 130 S.Ct. 2371 (2010). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary injunction or preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008); The Real Truth About Obama, Inc., 575 F.3d at 346. Plaintiff has failed to demonstrate irreparable harm, or any of the other requirements necessary to obtain relief. Therefore, plaintiff's motion is DENIED. The court now turns to its frivolity determination.

B.      Frivolity Review

A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis ... in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis

3

... in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

1.  Columbus County Correctional Institution 2008

Plaintiff alleges, on October 4, 2008, at Columbus Correctional Institution ("Columbus"), defendant Sergeant Goodwin ("Goodwin") violated his Eighth Amendment rights because he acted with deliberate indifference to his medical needs when he confiscated his medical boots. "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious' "–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " See Strickler, 989 F.2d at 1379 (quotations omitted).

Plaintiff's allegations do not satisfy the objective prong of the Eighth Amendment test because he does not allege any injury, and the nature of the confiscation was not done in reckless disregard. Accordingly, the court focuses on the second prong--whether Goodwin acted with deliberate indifference to plaintiff's serious medical needs. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard

an objectively serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). A disagreement between an inmate and a physician regarding the appropriate form of treatment does not state a claim for deliberate indifference. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Likewise, mere negligence or malpractice in diagnosis or treatment does not state a constitutional claim. See, e.g., Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998).

Plaintiff alleges Goodwin confiscated his medical boots, but they were returned by Superintendent Nora Hunt within six days, after a determination that they were needed for a medical purpose. These facts do not establish that Goodwin acted with the very purpose of causing harm or with knowledge that harm would result. Rather, at most, Goodwin's confiscation of the medical boots was the result of negligence, which is not sufficient to state an Eighth Amendment violation. See Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008) ("negligent medical diagnoses or treatment, without more, do not constitute deliberate indifference.") Because plaintiff has not alleged facts necessary to establish either prong of the Eighth Amendment test, his claim is DISMISSED as frivolous.

2. Tabor Correctional Institution

Plaintiff alleges another incident involving the alleged confiscation of his medical boots when he was transferred to Tabor Correctional Institution ("Tabor"). In particular, plaintiff alleges that, at Tabor, receiving staff confiscated his medical boots on October 23, 2008, but did not return them until December 23, 2008. Plaintiff states that both Superintendent George Kenworthy ("Kenworthy") and Dr. Don Bell ("Bell") were responsible for the delay in obtaining his medical footwear. Plaintiff also alleges that medical staff refused to provide him with pain medication for

four days following his November 1, 2008, foot surgery. Based upon the foregoing allegations, the court finds these claims not clearly frivolous and plaintiff is ALLOWED to proceed.

Plaintiff also alleges his constitutional rights were violated at Tabor in October 2008, when he received a disciplinary conviction for lying under a sheet in his cell. To recover money damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In Edwards v. Balisok, the United States Supreme Court extended Heck to inmate disciplinary convictions. See Edwards v. Balisok, 520 U.S. 641, 643, 648 (1997).[1]

To the extent plaintiff challenges the validity of his disciplinary conviction, he may not proceed because it has not been overturned or otherwise invalidated. See Harris v. SCDC, No. 8:08-22-GRA, 2008 WL 4616773, at *7 (D.S.C. Oct. 16, 2008); Battle v. Eagleton, No. 8:07-CV-1841-GRA-BHH, 2008 WL 2952349, at *5 (D.S.C. July 28, 2008) ("A prisoner cannot bring a § 1983 action challenging a disciplinary proceeding resulting in the loss of good-time credits if the possible relief would necessarily imply the invalidity of the punishment imposed, unless the disciplinary action was previously invalidated."). Therefore, this claim is dismissed without prejudice.

---

[1] Heck, however, does not apply to all suits challenging prison disciplinary proceedings. See Muhammad v. Close, 540 U.S. 749, 751 (2004) (per curiam). Rather, "Heck's requirement to resort to state litigation and federal habeas before § 1983 is not [] implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence." Id. at 751, 755 (finding that Heck's favorable termination requirement was inapplicable where plaintiff sought only monetary damages in his section 1983 suit and his action could not be "construed as seeking a judgment at odds with his conviction or with the State's calculation of time to be served in accordance with the underlying sentence.").

To the extent plaintiff alleges he was deprived of due process during the adjudication of his disciplinary conviction, this claim fails as well. The Supreme Court has mandated certain procedural safeguards when loss of statutory good-time credit is at issue. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Here, plaintiff alleges that his disciplinary conviction resulted in the loss of ten (10) dollars, loss of canteen and phone privileges for sixty (60) days and twenty (20) days segregation. Am. Compl. p. 10. Because plaintiff did not lose good-time credit, he received the process he was due and has failed to state a claim upon which relief may be granted with respect to this claim.

3.  Franklin Correctional Center

Plaintiff alleges that defendants Denise Sherrod ("Sherrod") and Rickie Robinson ("Robinson") denied him access to courts because Robinson ordered Sherrod to cease providing plaintiff legal assistance in the form of notary services after plaintiff sent Sherrod a letter stating "even though you are a beautiful woman this pro se litigation is valid and not just excuses for your legal assistance." Am. Compl. p. 12. In order to state a claim for denial of access to the courts, the inmate must show actual injury or that defendants' conduct hindered his efforts to pursue a legal claim. See, e.g., Lewis v. Casey, 518 U.S. 343, 351–52 (1996); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc). Here, plaintiff has not alleged any injury, regarding the pursuit of any legal matter, despite the fact that the court's March 30, 2011 order directed him to allege any injury as a result of his alleged constitutional violations. As a result, this claim is DISMISSED as frivolous. The court, however, ALLOWS plaintiff to proceed on his retaliatory transfer claim.

7

4. Johnston Correctional Institution

Plaintiff alleges that he was subject to searches and seizures at Johnston Correctional Institution ("Johnston"). Plaintiff, however, has not provided any factual support for this claim, and it is DISMISSED as frivolous. White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (stating minimum level of factual support required).

Plaintiff additionally alleges several claims, arising at Johnston, against Joseph B. Hall ("Hall"), Captain Raeford Mitchell ("Mitchell"), Correctional Officer Hocutt ("Hocutt"), Ms. Donna Marie-New Horten ("New-Horton"), and Correctional Officer Tasto ("Tasto"). The court finds plaintiff is ALLOWED to proceed with these remaining claims.

5. Albemarle Correctional Institution

Plaintiff alleges that defendants Sergeants Dockery ("Dockery"), Crawley ("Crawley"), Bowman ("Bowman"), and Effird ("Effird"), as well as correctional officer Horton ("Horton") violated his constitutional rights during meal times because they "harass, rush, haze, and disrespect inmates." Am. Compl. p. 20. A complaint must contain factual allegations, otherwise the claim is nothing more than a bare assertion and frivolous. White, 886 F.2d at 723. Plaintiff's allegations are random, vague, and do not provide any factual support for any claim, despite being given the opportunity to amend to include such detail. Accordingly, this claim is DISMISSED as frivolous.

Plaintiff also alleges that psychology instructor Gary Anderson ("Anderson") made offensive statements about President Barack Obama as well as offensive and inappropriate racial comments. However, a prisoner's subjection to verbal abuse or profanity does not constitute a constitutional deprivation. See Romero v. Barnett, No. DKC-09-2371, 2010 WL 3056628, *n.8 (D. Md. Aug. 2, 2010) (citing Barney v. Pulsipher, 143 F.3d 1299, 1310 n.11 (10th Cir. 1998) (citations omitted));

8

Farrakhan v. Johnson, No. 1:08cv438, 2009 WL 1360864, *12 (E.D. Va. May 13, 2009) ("[C]omments that constitute verbal abuse . . . do not rise to the level of an Eighth Amendment violation"). Further, while not dispositive, plaintiff has not alleged any harm from the alleged offensive language. Accordingly, plaintiff has not alleged a constitutional violation, and the claim is DISMISSED as frivolous.

To the extent plaintiff alleges Anderson engaged in race discrimination, he has not provided any factual support for such a claim, and it is dismissed as frivolous. White, 886 F.2d at 723.

Plaintiff also alleges that Mr. Lanier ("Lanier"), Mr. Hildreth ("Hildreth"), Sergeant Luther ("Luther"), Chaplain Gullett ("Gullett"), Mr. Dunlap ("Dulap"), Mr. Colson ("Colson"), and Mr. Rodosevic ("Rodosevic") violated his constitutional rights when they refused his request for a hardship call when his mother was dying. Plaintiff states these defendants then retaliated against him for requesting a hardship call, by placing him in segregation. Plaintiff also alleges that Dr. Sami Hassan ("Hassan") violated his rights pursuant to the Eighth Amendment of the United States Constitution when he acted with deliberate indifference to his medical needs. Finally, plaintiff alleges that Lewis Smith ("Smith") violated his constitutional rights because all of the inmates at Albemarle correctional institution ("Albemarle") are required to use the same trimmer, which facilitates the spread of disease. The court finds plaintiff is ALLOWED to proceed with these claims.

6. Columbus Correctional Institution 2011

Plaintiff alleges claims that arose subsequent to his March 24, 2011, transfer from Albemarle to Columbus. Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983

9

concerning his confinement. Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211. A court may dismiss a complaint sua sponte for failure to exhaust administrative remedies where the plaintiff's failure to exhaust is apparent from the face of a complaint. Anderson, 407 F.3d at 682 ("Except in the rare case where failure to exhaust is apparent from the face of the complaint . . . , a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue.").

Plaintiff filed this action on November 30, 2010, and was directed to particularize his complaint on March 30, 2011.[2] Plaintiff was transferred from Albemarle to Columbus on March 24, 2011. Plaintiff submitted a step-two grievance response dated April 11, 2011, reflecting that he was in the process of exhausting his claims. Accordingly, plaintiff was in the process of completing the three-step administrative remedy process for his 2011 Columbus claims when the court directed him

---

[2] The court's March 30, 2011, order allowed plaintiff the opportunity to particularize his existing claims. It did not allow plaintiff the opportunity to amend his complaint to include new claims.

to particularize his claims on March 30, 2011, and he filed his amended complaint dated April 14, 2011. See Am. Compl. Attach. (Response to plaintiff's grievance at Columbus dated April 11, 2011). Thus, plaintiff's claims arising out of his 2011 stay at Columbus are DISMISSED without prejudice.[3]

In summary, plaintiff's motion contesting the funds taken from his inmate trust account to pay his filing fee (DE # 26) is DENIED without prejudice. Plaintiff's motion for class certification (DE # 26) and motion for a temporary restraining order (DE # 29) are DENIED. The court DISMISSES plaintiff's claims arising out of his 2011 stay at Columbus without prejudice to allow him the opportunity to exhaust his administrative remedies. Plaintiff is ALLOWED to proceed with the following claims:

(1) Eighth Amendment deliberate indifference claim at Tabor against Kenworthy, and Bell.

(2) Retaliatory Transfer at Franklin against Sherrod and Robinson.

(3) All claims arising at Johnston against Hall, Mitchell, New-Horton, Hocutt, and Tasto, except his claim arising out of alleged unconstitutional searches and seizures. His claims arising out of the alleged unconstitutional searches and seizures are DISMISSED as frivolous.

(4) Alleged constitutional violation against Lanier, Hildreth, Luther, Gullet, Dunlap, Colson, and Rodosevic, arising out of his denial of a hardship call at Albemarle.

---

[3] Even if these claims had been exhausted prior to plaintiff filing this action, they would properly be severed from the action pursuant to Federal Rule of Civil Procedure 20. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). ("A buckshot complaint that would be rejected if filed by a free person-say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions-should be rejected if filed by a prisoner.").

11

(5) Eighth Amendment deliberate indifference claim against Hassan at Albemarle.

(6) His conditions of confinement claim arising of the alleged communal trimmer at Albemarle against Smith.

All of the remaining claims and parties are DISMISSED as frivolous. The dismissal of plaintiff's challenge to his October 2008, disciplinary conviction is DISMISSED without prejudice. The Clerk of Court is DIRECTED to issue an order of investigation.

SO ORDERED, this the ___ day of December, 2011.

LOUISE W. FLANAGAN
United States District Judge