IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3211-FL

| | | |
|---|---|---|
| MYRON RODERICK NUNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ALVIN W. KELLER, SR.; JOSEPH B. HALL; RICKIE ROBINSON; MRS. HAYES; CAPTAIN MITCHELL; DENISE R. SHERROD; DONNA-MARIE MEWHORTER; MR. HOCUTT; MR. TASTO; MR. HOWARD; ROBERT C. LEWIS; TIMOTHY J. MCKOY; GEORGE KENWORTHY; DR. RON BELL; MR. LANIER; MR. HILDRETH; SERGEANT LUTHER; CHAPLAIN GULLETT; MR. DUNLAP; MR. COLSON; MR. RODOSEVIC; DR. SAMI HASSAN; AND LEWIS SMITH, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court upon plaintiff's motions for injunctive relief (DE ## 33, 41, 59), motions to appoint counsel (DE ## 38, 43), motions to challenge the collection of the filing fee (DE ## 35, 56), and motions to amend (DE ## 51, 58). Defendants have not responded to plaintiff's motions. In this posture, these matters are ripe for adjudication.

A.      Motions for Injunctive Relief

Plaintiff moves for both a preliminary injunction and a temporary restraining order. The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same. See e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir.

2006). A temporary restraining order or preliminary injunction is an extraordinary remedy which should not be granted unless there is a clear showing of both likely success and irreparable injury. The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 345 (4th Cir. Aug. 5, 2009), vacated on other grounds, 130 S.Ct. 2371 (2010). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, *20 (2008); The Real Truth About Obama, Inc., 575 F.3d at 346.

Here, plaintiff complains of specific examples of alleged inadequate medical care for which he appears to have received subsequent treatment. Plaintiff additionally has not demonstrated that he is likely to succeed on the merits, or alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Finally, plaintiff has not demonstrated that a temporary restraining order or preliminary injunction order in this case is in the public interest. Thus, plaintiff's motions for a temporary restraining order or preliminary injunction is DENIED.

B) Challenge to Collection of the Filing Fee

The court next considers plaintiff's challenge to the amount deducted from his inmate trust account to pay his three hundred fifty dollar ($350.00) filing fee. In support of his contention, plaintiff states that more than twenty percent (20%) of his trust account was deducted to pay the filing fees in several pending actions.

The United States Supreme Court addressed the collection of inmate filing fee payments, pursuant to 28 U.S.C. § 1915(b)(2), in Torres v. O'Quinn, 612 F.3d 237 (2010). In Torres, the Court

2

Case 5:10-ct-03211-FL   Document 76   Filed 05/17/12   Page 2 of 5

held that 28 U.S.C. § 1915(b)(2) caps the amount of funds that may be withdrawn from an inmate's trust account at a maximum of twenty percent (20%) regardless of the number of cases or appeals the inmate has filed. Torres, 612 F.3d at 252. The remedy for a violation of Torres is an abatement in the collection of filing fees from an inmate's trust account. Id. at 253. A review of the court's docket in this case reveals that no funds have been deducted from plaintiff's inmate trust account to pay the filing fee in this case since February 3, 2011. Because the remedy for any Torres violation is abatement in the collection of filing fees and because plaintiff has not yet satisfied his three hundred fifty dollar ($350.00) filing fee, the court denies plaintiff' request for a refund of any portion of his filing fee. Accordingly, the court DENIES plaintiff's motions without prejudice.

C) Motions to Appoint Counsel

Plaintiff filed two motions to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because the claims asserted by plaintiff are not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. As such, plaintiff's motions to appoint

3

counsel are DENIED.

D) Motions to Amend

Plaintiff filed two motions to amend his complaint. Because plaintiff has filed a previous amended complaint, he must have leave of court to amend his complaint. Fed. R. Civ. P. 15(a). "Motions to amend are committed to the discretion of the trial court." Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991). "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.' " Foman v. Davis, 371 U.S. 178, 182 (1962).

Here, plaintiff's first motion seeks to amend his complaint to update the addresses for defendants Ms. Dunlap and Mr. Gullett. Plaintiff second motion seeks to add a claim against Ricky Matthews ("Matthews") alleging that Matthews ordered that he be prevented from engaging in discovery. The court finds that justice requires that plaintiff be permitted to amend his complaint. Thus, plaintiff's motions to amend are GRANTED, and plaintiff is ALLOWED to proceed with his claim against Matthews.

In summary, plaintiff's motions for injunctive relief (DE ## 33, 41, and 59), motions to appoint counsel (DE ## 38, 43), and motions to challenge the collection of the filing fee (DE ## 35, 56) are DENIED. Plaintiff's motions to amend (DE ## 51, 58) are GRANTED. Plaintiff is ALLOWED to proceed against Matthews and the Clerk of Court is DIRECTED to add Matthews as a defendant in this action.

SO ORDERED, this the 16th day of May, 2012.

/s/ Louise W. Flanagan
LOUISE W. FLANAGAN
United States District Judge

5