IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3211-FL

| MYRON RODERICK NUNN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| ALVIN W. KELLER, SR.; JOSEPH B. HALL; RICKIE ROBINSON; MRS. HAYES; CAPTAIN MITCHELL; DENISE R. SHERROD; DONNA-MARIE MEWHORTER; MR. HOCUTT; MR. TASTO; MR. HOWARD; ROBERT C. LEWIS; TIMOTHY J. MCKOY; GEORGE KENWORTHY; DR. RON BELL; MR. LANIER; MR. HILDRETH; SERGEANT LUTHER; CHAPLAIN GULLETT; MR. DUNLAP; MR. COLSON; MR. RODOSEVIC; DR. SAMI HASSAN; RICKY MATTHEWS; AND LEWIS SMITH, | ) | |
| Defendants. | ) | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court upon plaintiff's motion for summary judgment (DE # 67), motions to compel (DE #s 70, 84), motion for a temporary restraining order (DE # 89), motions for a preliminary injunction (DE #s 106, 110), and motion to amend (DE # 107). Also before the court are the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE # 80) and motions for a protective order (DE #s 91, 98) filed by defendants Ricky Matthews ("Matthews"), Mr. Colson , Mr. Dunlap, Chaplain Gullett, Joseph B. Hall, Mr. Hildreth, Mr. Hocutt, George Kenworthy, Mr. Lanier, Sergeant Luther, Matthews,

Donna-Marie Mewhorter, Captain Mitchell, Rickie Robinson, Mr. Rodosevic, Lewis Smith, Denise R. Sherrod, and Mr. Tasto (collectively referred to as the "non-physician defendants"). Defendants did not respond to plaintiff's motions for injunctive relief or plaintiff's motion to amend. The remaining matters were fully briefed. In this posture, these matters are ripe for adjudication.

A.      Motions for Injunctive Relief

Plaintiff moves for both a preliminary injunction and a temporary restraining order. The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same. See e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A temporary restraining order or preliminary injunction is an extraordinary remedy which should not be granted unless there is a clear showing of both likely success and irreparable injury. The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 345 (4th Cir. Aug. 5, 2009), vacated on other grounds, 130 S.Ct. 2371 (2010). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, *20 (2008).

Here, plaintiff has not demonstrated that he likely is to succeed on the merits, nor has he alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Finally, plaintiff has not demonstrated that his request for a temporary restraining order or preliminary injunction is in the public interest or that the balance of equities tips in his favor.

2

Accordingly, plaintiff's motion for a temporary restraining order and motions for a preliminary injunction are DENIED.

B.   Discovery Motions

Plaintiff moves the court to compel Denise Sherrod to respond to his requests for interrogatories and for the non-physician defendants to respond to his document requests. The non-physician defendants state that plaintiff's motions to compel fail to comply with Local Rule 7.1(c) of the Local Rules of Practice and Procedure, which state that "[c]ounsel must . . . certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civil Rule 7.1(c), EDNC. Additionally, Denise Sherrod states that she responded to plaintiff's discovery requests, and plaintiff has not presented any evidence to the contrary. Accordingly, plaintiff's motions to compel are DENIED without prejudice. Additionally, to the extent plaintiff requests that the court order sanctions against the non-physician defendants based upon their alleged failure to respond to his discovery requests, such a request is DENIED.

Turning to the non-physician defendants' motions for a protective order, they request that the court stay discovery until it adjudicates the pending dispositive motions. Because the court has ruled upon the pending dispositive motions, the non-physician defendants' request to stay discovery on this ground is DENIED as moot.

The non-physician defendants alternatively requests that the court stay discovery pending its resolution of their affirmative defense of qualified immunity. The non-physician defendants, however, have not filed any motion presenting substantive argument as to why the case now should be dismissed on grounds of qualified immunity. Accordingly, the non-physician defendants' motions for a protective order are HELD IN ABEYANCE for **thirty (30) days.** If the non-physician

3

defendants wish to request a stay of discovery based on the affirmative defense of qualified immunity, the burden rests on them, within this period, to raise the issue for consideration through form of the appropriate motion, said motion to dismiss presenting substantive argument why the case now should be dismissed on grounds of qualified immunity. If this period lapses with no motion presenting substantive argument in accordance with the Local Civil Rules, the non-physician defendants' motion for protective order summarily will be denied. Based upon the foregoing, the non-physician defendants' motions for a protective order are HELD IN ABEYANCE for **thirty (30) days**.

C.  Plaintiff's Motion for Summary Judgment

Plaintiff filed a motion for summary judgment. Plaintiff, however, has not met his burden of demonstrating that there is no genuine issue of material fact with regard to his claims. Thus, his motion for summary judgment is DENIED.

D.  Motion to Dismiss

Matthews raises the affirmative defense that plaintiff failed to exhaust his administrative remedies prior to bringing his claim against him. Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84.

4

Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

The North Carolina Department of Public Safety ("DPS") has a three step administrative remedy procedure which governs the filing of grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008); Goulette v. Warren, No. 3:06CV235-1-MU, 2006 WL 1582386 (W.D.N.C. June 1, 2006). The DPS's administrative remedy procedure ("ARP") first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. DPS ARP § .0301(a). If informal resolution is unsuccessful, the DPS ARP provides that any inmate in DPS custody may submit a written grievance on Form DC-410. DPS ARP § .0310(a). If the inmate is not satisfied with the decision reached at the step one level of the grievance process, he may request relief from the facility head. Id. at § .0310(b)(1). If the inmate is not satisfied with the decision reached by the facility head, he may appeal his grievance to the secretary of correction through the inmate grievance examiner. Id. § .0310(c)(1). The decision by the inmate grievance examiner or a modification by the Secretary of Correction shall constitute the final step of the administrative remedy procedure. Id. § .0310(c)(6).

On March 20, 2012, plaintiff moved to amend his complaint to include a claim against Hyde Correctional Institution Superintendent Matthews based upon Matthews' alleged interference with discovery on March 12, 2012. Matthews argues that the pleadings reflect that plaintiff could not have possibly exhausted his administrative remedies prior to bringing his action against him. In

5

response, plaintiff asserts that he submitted a grievance regarding the issue on June 6, 2012. Pl.'s Resp. (DE # 88) p. 8. However, an inmate does not comply with the PLRA's exhaustion requirement by exhausting his remedies during the course of litigation. See Hayes v. Stanley, No. 06-6475, 2006 WL 3147498, at *1 n. 1 (4th Cir. Oct. 31, 2006); Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003) ("[P]ermitting exhaustion *pendente lite* undermines the objectives of section 1997e(a) . . . ."). Because plaintiff submitted his grievance regarding the issue subsequent to initiating this action against Matthews, plaintiff has not demonstrated that he complied with the PLRA's exhaustion requirement.

As a defense, plaintiff argues that exhaustion would have been futile because the alleged action is "clearly and unambiguously illegal." Pl.'s Resp. (DE # 88) p. 8. However, the PLRA's exhaustion requirement is mandatory, even where an inmate claims that exhaustion would be futile. Reynolds v. Doe, 431 F. App'x 221, at *1 (4th Cir. May 24, 2011) (citing Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001)). Thus, the court finds that this defense does not excuse the PLRA's exhaustion requirement. Because plaintiff failed to exhaust his administrative remedies for his claim against Matthews, his action against Matthews is DISMISSED without prejudice.

E.   The Non-Physician Defendants' Response to Plaintiff's Motion for Summary Judgment

The non-physician defendants' response to plaintiff's motion for summary judgment requests that the court grant summary judgment in their favor pursuant to Federal Rule of Civil Procedure 56(f)(1) or (3).[1] Rule 56 provides: "After giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant . . . or consider summary judgment on its own

---

[1] The court notes that the non-physician defendants' pleading requests that the court, "deny Plaintiff's summary judgment motion and dismiss all claims against [them] except that relating to his claim of denial of a hardship call at Albemarle Correctional Center." Def.s' Mem. in Supp. (DE # 73) p. 4.

6

after identifying for the parties material facts that may not be genuinely in dispute." Fed.R.Civ.P. 56(f)(1), (3). The court, however, declines to grant summary judgment in the non-physician defendants' favor on its own initiative. The court is mindful of the fact that the parties have not yet had the opportunity to engage in discovery. Further, the court directs the non-physician defendants' attention to Rule 56(c)(1)(A), which requires that the movant support their factual assertions by citing to particular materials in the record, including documents, affidavits, and declarations. For the foregoing reasons, the court declines to construe the non-physician defendants' response as a motion for summary judgment pursuant to Rule 56(f).

F.      Motion to Amend

Because plaintiff has filed a previous amended complaint, he must have leave of court to amend his complaint. Fed. R. Civ. P. 15(a). Defendants have not responded to plaintiff's pending motion to amend his complaint. Accordingly, the court DIRECTS defendants to file a response to plaintiff's motion.

## CONCLUSION

For the foregoing reasons, the court rules as follows:

(1)     Plaintiff's motion for summary judgment (DE # 67) is DENIED.

(2)     Plaintiff's motions to compel (DE # 70, 84) are DENIED. The non-physician defendants' motions for a protective order (DE #s 91, 98) are HELD IN ABEYANCE for **thirty (30) days.**

(3)     Plaintiff's motions for injunctive relief (DE #s 89,106, 110) are DENIED.

7

(4)  Plaintiff's motion to amend (DE # 107) is HELD IN ABEYANCE, and defendants are DIRECTED to file a response to plaintiff's motion within twenty-one (21) days of this order.

(5)  The non-physician defendants' motion to dismiss (DE # 80) is GRANTED, and plaintiff's action against Matthews is DISMISSED without prejudice for failure to exhaust administrative remedies.

(6)  The Clerk of Court is DIRECTED to issue an initial order.

SO ORDERED, this the 16th day of November, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge