IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3211-FL

| | | |
|---|---|---|
| MYRON RODERICK NUNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOSEPH B. HALL, RICKIE ROBINSON, | ) | |
| CAPTAIN MITCHELL, DENISE R. | ) | |
| SHERROD, DONNA-MARIE | ) | |
| MEWHORTER, MR. HOCUTT, MR. | ) | |
| TASTO, GEORGE KENWORTHY, DR. | ) | |
| RON BELL, MR. LANIER, MR. | ) | |
| HILDRETH, SERGEANT LUTHER, | ) | |
| CHAPLAIN GULLETT, MR. DUNLAP, | ) | |
| MR. COLSON, MR. RODOSEVIC, DR. | ) | |
| SAMI HASSAN, and LEWIS SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

The matter is before the court on plaintiff's motion to compel discovery (DE 189) and motion for a preliminary injunction (DE 202). Defendants responded to plaintiff's motion to compel. In this posture, the issues raised are ripe for adjudication.

The court begins with plaintiff's motion to compel discovery. Subsequent to the filing of his motion to compel, plaintiff clarified that his discovery request is limited to the grievances he filed from October 4, 2008, through the present (in addition to all grievance responses). On October 18, 2013, defendants Colson, Dunlap, Gullett, Hall, Hildreth, Hocutt, Kenworthy, Lanier, Luther, Mewhorter, and Mitchell agreed to provide the requested discovery materials. Thus, plaintiff's motion to compel is DENIED as MOOT.

The court now turns to plaintiff's motion for a preliminary injunction. A preliminary injunction is an extraordinary remedy which should not be granted unless there is a clear showing of both likely success and irreparable injury. The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 345 (4th Cir. Aug. 5, 2009), vacated on other grounds, 559 U.S. 1089 (2010). The United States Supreme Court has stated that the movant must establish the following to obtain a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Here, plaintiff states that he is entitled to a preliminary injunction because defendants failed to comply with the court's September 26, 2013, order directing them to respond to plaintiff's motion to compel. However, the court's docket reflects that defendants have now responded to plaintiff's motion to compel. Thus, this issue is moot.

Plaintiff, additionally, has not demonstrated that he likely is to succeed on the merits of this action, nor has he alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Finally, plaintiff has not demonstrated that his request for a preliminary injunction is in the public interest or that the balance of equities tips in his favor. Accordingly, plaintiff's motion for a preliminary injunction is DENIED.

In summary, plaintiff's motion to compel (DE 189) is DENIED as MOOT and his motion for a preliminary injunction (DE 202) is DENIED.

SO ORDERED, this the 29th day of October, 2013.

*[signature]*
LOUISE W. FLANAGAN
United States District Judge